UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BRYON WINCKLER, #354135,**

        Petitioner,

v.                                   2:09CV217

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On December 16, 2005, in the Circuit Court of Henrico County, Virginia, petitioner was convicted of two counts of robbery and two counts of use of a firearm in the commission of a felony. Petitioner was sentenced to forty-eight years imprisonment, with thirty-four years suspended. Petitioner appealed to the Virginia Court of Appeals, which granted the appeal, but on March 6, 2007, petitioner's convictions were affirmed by a three-judge panel. Petitioner did not appeal to the Supreme Court of Virginia. On August 6, 2007, petitioner filed a motion for delayed appeal, but on September 13, 2007, the motion was denied, and a motion to reconsider was denied on March 28, 2008.

Petitioner filed a petition for writ of habeas corpus in the Circuit Court for Henrico County, but on August 21, 2008, the petition

was dismissed. Petitioner did not appeal the dismissal of his state petition. Petitioner filed a second petition for writ of habeas corpus in the Supreme Court of Virginia, but on January 29, 2009, the petition was dismissed pursuant to the statute of limitations and Virginia's successive petition rule.

On May 5, 2009, petitioner filed a petition for writ of habeas corpus in this Court, and on August 19, 2009, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. The Commonwealth's evidence was insufficient because the victim's testimony was inherently incredible; and

2. Counsel was ineffective for failing to follow through with petitioner's appeal.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if

recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than

simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir.

1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### C. The Petition is Barred by the Statute of Limitations.

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA). With the passage of the AEDPA, several modifications were made to habeas corpus law. Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998). However, the AEDPA created a statute of limitation for habeas corpus petitions. See 28 U.S.C. § 2244(d)(1)(2000); Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus. The period of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation. See id. § 2244(d)(2).

In this case, the Court of Appeals of Virginia affirmed petitioner's convictions on March 6, 2007, and the time for seeking direct review expired thirty days later. VA. CODE § 8.01-675.3 and VA. SUP. CT. R. 5A:6(a). Because petitioner did not appeal to the Supreme Court of Virginia, the judgment entered by the Court of Appeals became final on April 5, 2007. At that point, the federal statute of limitations period commenced, and petitioner had until April 5, 2008, to file his federal habeas petition. 28 U.S.C. § 2244(d)(1). Any pending state post-conviction or other collateral review would toll the federal statute of limitations. See id. at § 2244(d)(2).

Petitioner filed his first state habeas petition in the Henrico County Circuit Court on May 30, 2008, which was dismissed August 21, 2008, as time barred. Petitioner filed a second state habeas petition in the Supreme Court of Virginia on October 14, 2008, which was dismissed on January 29, 2009, as successive and time barred. Since petitioner's first state habeas petition was filed fifty-four days beyond the expiration of the federal statute of limitations period, his state habeas petitions had no tolling effect on the federal time. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). The petition is barred by the statute of limitations and should be DISMISSED.

### D. Procedural Default

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the
> trial court or the commission before which the case
> was initially tried unless the objection was stated
> with reasonable certainty at the time of the ruling
> . . . .

Va. S.Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[1] In Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to
> rule on the merits of his claims. We consider such
> failure to constitute a violation of the
> requirements of Rule 5:21, which applies to appeals
> of all Virginia cases, civil or criminal, and
> conclude that such violation constitutes a
> procedural default sufficient to preclude federal
> court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue

---

[1] The court in Bassette relied on section 8.01-654(B)(2) of the Virginia Code. Bassette, 915 F.2d at 936. Section 654(B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

Even if petitioner's claims were not barred by the statute of limitations, his claims are procedurally defaulted. Petitioner raised the claims in a state habeas petition, but he did not appeal the denial of that petition to the Supreme Court of Virginia, therefore, the claims are procedurally defaulted.

Furthermore, the state courts found that petitioner's habeas petitions were time barred under Virginia's statute of limitations. VA. CODE § 8.01-654(A)(2)(requiring petitions for habeas corpus to be filed within two years of final conviction). The Court has found that the

Virginia statute of limitations is an adequate and independent state ground for denying a claim. Silk v. Johnson, No. 3:08CV271, 2009 WL 742552 (E.D. Va., 2009); Sparrow v. Director, 439 F. Supp.2d 584 (E.D. Va. 2006); Franklin v. Hightower, 215 F.3d 1196, 1200-01 (11th Cir. 2000).

The Supreme Court of Virginia also found that petitioner's habeas petition was barred under Virginia's successive petition rule. VA. CODE § 8.01-654(B)(2). The Fourth Circuit has determined that Virginia's successive petition rule provides an adequate and independent ground for the denial of relief. Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000). Accordingly, petitioner's claims are procedurally defaulted and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil

Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C) (2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

    2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                     /s/
                                           James E. Bradberry
                                           United States Magistrate Judge

Norfolk, Virginia

September 17, 2009

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

Bryon Winckler, #354135, pro se
Nottoway Correctional Center
P.O. Box 488
Burkeville, VA  23922

Rosemary V. Bourne, Esq.
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

September 18, 2009

11